**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

JOHN KILMAN,

     Plaintiff - Appellant,

v.

TYLER S. BROWN, Sheriff, Arapahoe
County Sheriff's Department, in his official
capacity,

     Defendant - Appellee.

No. 20-1135
(D.C. No. 1:19-CV-01419-RBJ-MEH)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

     John Kilman appeals the district court's grant of summary judgment on his

claims for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§§ 12101–12213, and of the Fourteenth Amendment to the United States

Constitution. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district

court's judgment.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Kilman's son is an inmate at the Arapahoe County Detention Center ("Detention Center"). Inmates at the Detention Center can communicate with visitors using audio-visual equipment. The Detention Center monitors these communications. Only attorneys may have unmonitored, in-person visits with inmates. Claiming that it was difficult for him to communicate effectively using the audio-visual equipment, Kilman requested an unmonitored, in-person visit with his son. The Detention Center denied Kilman's request.

Kilman sued, alleging the denial of his request for private, in-person visits with his son violated the ADA and his rights to equal protection under the Constitution. Kilman named as a defendant Arapahoe County Sheriff Tyler S. Brown. Because he named Sheriff Brown in his official capacity, his suit functioned as a suit against Arapahoe County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The county moved for summary judgment. In support of its motion, it submitted video evidence of Kilman using its audio-visual equipment to communicate with his son without apparent difficulty. In response to Kilman's equal protection claim, the county argued there was a rational basis for treating attorney and non-attorney visitors differently, in that unmonitored contact visits pose security risks to the facility. *See Block v. Rutherford*, 468 U.S. 576, 586 (1984) ("That there

2

is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion.").

The district court granted the motion for summary judgment for two reasons. First, the court concluded that the video evidence showed Kilman had no difficulty communicating with his son using the existing equipment. Because Kilman did not come forward with any evidence showing that the videos submitted were atypical, the court concluded the facts were beyond genuine dispute. Second, the court concluded as a matter of law that Kilman was not entitled to private, in-person, unmonitored communications with his son. Because Kilman is not an attorney, his communications with his son do not merit the same legal protections as attorney-client communications. The district court therefore dismissed Kilman's claims, and Kilman now appeals.

## DISCUSSION

While we construe pro se arguments liberally, we "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). To preserve an issue for appeal, a party must adequately brief it, beyond a generalized assertion of error, and include citations to supporting authority. *Id.* at 841. We do not consider "conclusory allegations with no citations to the record or any legal authority for support." *Id.* (internal quotation marks omitted).

In his submissions on appeal, Kilman identifies two issues but does not adequately brief either one with any citations to the record or supporting authority.

3

He also requests leave to further amend his complaint, but he does not explain why such amendment would be warranted or how it would address the factual and legal deficiencies that caused the district court to dismiss his claims. Having independently reviewed the summary judgment record, including the video evidence the district court relied upon, we affirm for substantially the same reasons set forth in the district court's well-reasoned order dated March 5, 2020. *See* R. at 290–301.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge